RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 8/22/14
gDB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| HAROLD J. GUIDRY (#14131-035) | DOCKET NO. 14-CV-1024 SEC. "P" |
| VERSUS | JUDGE DRELL |
| WARDEN | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

*Pro se* Petitioner, Harold J. Guidry, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons ("BOP"); he is incarcerated at the Federal Correctional Institution in Pollock, Louisiana. He seeks credit against his federal sentence for time spent in state custody, and challenges the BOP's denial of *nunc pro tunc* designation.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Facts and Background*

Guidry was charged with multiple drug counts in this district court. A detention hearing was held on October 8, 2008, in accordance with 18 U.S.C. §3142(f). The magistrate judge entered an order of detention pending trial, finding that Guidry was a serious danger to the community as well as a flight risk. The judge also noted that Guidry was already *in state custody*, so he was not eligible for release, anyway. [6:08-cr-0205; Doc. #167]

On September 16, 2009, Guidry entered a guilty plea to Count One of the Superceding Indictment charging him with Conspiracy to Possess with Intent to Distribute Cocaine, Cocaine Base and Other Controlled Substances in violation of Title 21, United States Code, Section 846. Plaintiff's state sentence expired on October 4, 2009. On November 30, 2011, Guidry was sentenced in federal court to 131-months as to Count 1 of the Superseding Indictment, with credit for time served. [6:08-cr-00205 (W.D.La.), Doc.#624]

On June 25, 2013, Petitioner filed a motion to vacate, set aside or correct sentence under 28 U.S.C. §2255. [6:08-cr-00205 (W.D.La.), Doc.#677] The United States filed a response on August 22, 2013 [6:08-cr-00205, Doc.#682], and it has been recommended that the motion be dismissed. [6:08-cr-00205, Doc. #697]

### Law and Analysis

Petitioner seeks credit against his federal sentence for the time period of October 7, 2008, when he was "loaned" to the federal government by the state government, through October 4, 2009, the date on which his state sentence ended. "Title 18 U.S.C. §3585 determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in 'official detention' before the sentence began." Reno v. Koray, 515 U.S. 50, 55, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995). The statute provides as follows:

> (a) Commencement of sentence — A sentence to a term of imprisonment commences on the date the defendant is

received in custody awaiting transportation to, or arrives voluntarily at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody — A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

**that has not been credited against another sentence**.

During the time in question, Petitioner was in the primary custody of the state, and had been "loaned" to federal officials. Petitioner continued to receive credit for that time against his state sentence, through its expiration on October 4, 2009. Petitioner cannot receive credit October 7, 2008, through October 4, 2009, against both the state sentence **and** the federal sentence. Such a calculation would amount to double credit. In enacting Section 3585, "Congress made clear that a defendant could not receive a double credit for his detention time." United States v. Wilson, 503 U.S. 329, 337 (1992). Petitioner did receive pre-sentence credit from October 5, 2009, through the date his federal sentence was imposed, November 20, 2011; this is all the federal credit to which he is entitled. [Doc. #3, p.9-10]

*Conclusion*

For the forgoing reasons, **IT IS RECOMMENDED** that the Petition

for Writ of Habeas Corpus be **DENIED and DISMISSED** with prejudice.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 21st day of August, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE